# Wytheville.

## McTeer and als. v. Caldwell and als.

### July 26th, 1883.

1. BOARD OF EDUCATION—*District school trustees.*—Prior to 11th January, 1877, the duty of appointing and removing district school trustees was devolved on the state board of education by Code 1873, chapter 78, section 7, clause 4.

2. IDEM—*Idem—School trustee electoral board.*—By Acts 1876-77, ch. 12, p. 9,—clause 4, section 7, chapter 78, Code 1873, was repealed, and the power of appointing and removing district school trustees was vested in a "school trustee electoral board," to be composed of the county superintendent of schools, the county judge, and the attorney for the commonwealth in each county.

3. *Evansham school district*—is not a city of the first or second class mentioned in section 2, chapter 79, Code 1873, but is a mere school district in a county, or a separate school district, such as is contemplated by the act approved 13th February, 1877. In the former case the school trustees of that district must be appointed by the "school trustee electoral board" of Wythe county; in the latter case the school trustees of that district must be appointed by the town council of Wytheville.

4. IDEM—*School trustees—Board of Education—Case at bar.*—The state board of education having been officially informed that F. and two others who had been appointed school trustees of Evansham school district in Wythe county, had failed to take the oath of office and qualify according to law, and that the town council had failed, within the time prescribed by law, to fill the vacancies thereby created, appointed McT. and two others to fill said vacancies: who took the oaths according to law and organized, and demanded of C. and his associates the books, &c., of the said school district, but they refused to surrender the same. Whereupon McT. and his associates presented to this court their petition for a rule against C. and his associates, to show cause why a peremptory *mandamus* should not issue to compel them to deliver the

said books, &c., to petitioners. The rule was awarded and served on C. and his associates who demurred to the petition:

HELD:

1. That the duty of appointing the school trustees for Evansham school district is not vested in the state board of education.

2. That the petitioners having received their appointment only from the said state board of education are not the legal school trustees for said school district.

3. That the demurrer to the petition must be sustained and the rule discharged.

On petition for a peremptory *mandamus.* The opinion fully states the facts and the proceedings.

*F. S. Blair,* attorney-general, for petitioners.

*Staples & Walker,* for the respondents.

HINTON, J., delivered the opinion of the court:

This is an application on the part of the petitioners—John M. McTeer, Henry E. McWane and Paschal Buford—who claim to be the legal and rightful school trustees for Evansham school district, in Wythe county, Virginia, for a peremptory writ of *mandamus* to compel John H. Caldwell, Charles L. Fox and Thomas J. Newman, who are now acting as school trustees for that school district, to transfer and deliver to them all the books, records, papers, and property belonging to that school district.

In their petition they allege that they were appointed school trustees of Evansham district by the "board of education" of Virginia; that they have been duly commissioned by the governor, and have qualified to their commissions; and then they proceed to set forth various matters going to show that the said Caldwell, Fox and Newman are mere usurpers, which, in the view we take of the case, it is not necessary to mention.

To this petition the respondents—Caldwell, Fox and Newman—demur, and this demurrer raises the question whether the

petitioners are the legal and rightful school trustees for said school district. That this (Evansham school district) is not a city of the first or second class, mentioned in section two of chapter seventy-nine of the Code of 1873, seems too plain to need discussion. It must, therefore, be a mere school district in a county, such as are in all the counties of the state, or it may be a separate school district, such as is contemplated by the act of assembly approved February 13, 1877, entitled "an act to amend and reënact section thirty-six, chapter seventy-eight, Code of 1873, in relation to the appointment of school trustees in incorporated towns of less than five thousand inhabitants." Acts 1876–'77, chapter eighty-six, page sixty-nine.

Now, prior to January 11, 1877, the duty of appointing and removing district school trustees was, by the express terms of the fourth clause of the seventh section of chapter seventy-eight, Code 1873, devolved upon the state board of education. But as is pointed out in the opinion of Richardson, J., in the case of *Childrey and others* v. *Rady and others, ante* page 518, and familiarly known as the "Richmond School Case," this power was taken away from the board of education by an act passed on that day, and entitled "an act to provide for the appointment and removal of district school trustees, and to repeal the fourth clause of the seventh section of the seventy-eighth chapter of the Code of 1873," Acts 1876–'77, chapter twelve, page nine, and vested in a board to be known as "The School Trustee Electoral Board," to be composed of the county superintendent of schools, the county judge, and the attorney for the commonwealth in each county. So that, if Evansham school district be regarded not as a separate school district, such as is contemplated by the act of assembly approved February 13, 1877, but as a mere ordinary county school district, then the petitioners, not being appointees of the "School Trustee Electoral Board," have no title to the offices which they claim.

And if on the other hand this Evansham school district be considered as a separate school district, within the purview of

the aforesaid act of assembly, approved February 13, 1877, then by the provisions of that act the town council of Wytheville alone has power to appoint the school trustees for such district.

Now there is no pretence that the petitioners received their appointments from either of these sources, on the contrary, it is distinctly averred that they were appointed by the board of education. It is clear, therefore, that they are not the legal school trustees for Evansham school district, and are not therefore entitled to the care and custody of the school property of the district.

The demurrer to the petition must therefore be sustained, the rule heretofore awarded in this case be discharged, and the petition be dismissed.

MANDAMUS DENIED.